UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS ANTHONY EWING; KATHERINE WEST,<br><br>Plaintiffs,<br><br>v.<br><br>GOOD SAMARITAN HOSPITAL; KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW; STATE OF WASHINGTON DEPT. OF CHILDREN AND FAMILY SERVICES; DSHS CPS SOCIAL WORKER AMANDA JOHNSON; CITY OF PUYALLUP POLICE DEPARTMENT; PIIC FACILITY; and JOHN AND JANE DOES 1-100, INDIVIDUALLY AND AS HUSBAND'S AND WIFE'S [sic] AND/OR ALL MARITAL OR COMMUNITY PROPERTY,<br><br>Defendants. | NO. C07 5709 FDB<br><br>ORDER STRIKING PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND MONEY DAMAGES |

This matter comes before the Court upon the motion of Defendant Good Samaritan Hospital to strike Plaintiffs' Amended Complaint for Declaratory Relief, Injunctive Relief, and Money Damages. The Plaintiffs have responded with a request for an extension of time. The Court, having considered the motion(s) and the record herein, is fully informed and hereby grants the Defendant's requested relief.

On January 26, 2009, this Court entered an order requiring *in forma pauperis* Plaintiffs to file no later than February 23, 2009, an amended complaint, to include the following details: (a) the identity of Miles Tejano Jr., Phoenix Rising Ewing, and Baby Boy West and the basis for their claims for relief, if any; (b) the identity of "Baby Boy West" by birth month and year or other information sufficient to identify this person; (c) for each stated cause of action or claim for relief, the specific date or dates of the alleged wrongful conduct; (d) for each stated

ORDER **1**

cause of action or claim for relief, the location of the alleged wrongful conduct; and (e) for each stated cause of action or claim for relief, the name, description, or identity of the person or agent who Plaintiffs contend committed the wrongful act. Plaintiffs have failed to comply with this directive. It is true that pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys. Nevertheless, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is allegedly did wrong." *Brazil v. United States Department of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

ACCORDINGLY;

IT IS ORDERED

    (1) Defendant Good Samaritan Hospital's Motion to Strike Plaintiffs' Amended Complaint for Declaratory Relief, Injunctive Relief, and Money Damages [Dkt. # 19] is **GRANTED**.

    (2) All of Plaintiffs' claims against these Defendants, as set forth in the Amended Complaint for Declaratory Relief, Injunctive Relief, and Money Damages, are hereby stricken.

    (3) Plaintiffs' motion for an extension of time [Dkt. # 20] is stricken as moot.

    (4) Plaintiffs shall file no later than March 13, 2009, an amended complaint that complies with this Court's January 26, 2009 Order Granting Defendant Good Samaritan Hospital's Motion for a More Definite Statement. If Plaintiffs do not comply with the Court's Order, Plaintiffs' claims against all Defendants will be subject to dismissal, effective March 20, 2009.

DATED this 27th day of February, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER **2**