```
┌─────────────────────────────────┐
│        FILED _____ LODGED     │
│              _____ RECEIVED   │
│                                  │
│           MAR 1 3 2009           │
│                                  │
│        CLERK U.S. DISTRICT COURT │
│   WESTERN DISTRICT OF WASHINGTON AT TACOMA │
└─────────────────────────────────┘
```

Katherine West,
c/o 1910 147th St. Ct. East,
(City of) Tacoma
The State of Washington

**1**

**AMENDED COMPLAINT**

**2**

In re:

**3**

IN THE UNITED STATES DISTRICT COURT

**4**

WESTERN DISTRICT OF WASHINGTON

TACOMA, WASHINGTON

**5**

| | |
|---|---|
| Luis Anthony Ewing, | ) Cause No. C07-5709 FDB |
| Katherine West | ) |
|  Plaintiff(s) | ) AMENDED COMPLAINT FOR DECLARATORY |
| | ) RELIEF, INJUNCTIVE RELIEF, AND MONEY |
| v. | ) DAMAGES |
| | ) |
| Good Samaritan Hospital, | ) JURY DEMANDED |
| Kenneth M. Edstrom, M.D., FACOG, | |

**6**

**7**

**8**

**9**

Susan Webber, MSSW, ACSW,

**10**

STATE OF WASHINGTON Dept. of Children and

Family Services DSHS CPS Social WorkerAmanda

**11**

Johnson,  CITY OF PUYALLUP POLICE

DEPARTMENT, PIIC FACILITY, and;

**12**

JOHN AND JANE DOES 1-100,

individually and as Husband's and Wife's,

**13**

and/or all Marital or Community Property

  Defendant(s)

**14**

---

**15**

---

**16**

## AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
## AND MONEY DAMAGES

**17**

**18**

COMES NOW the undersigned Plaintiffs Luis Ewing, Katherine West, Miles Tejano Jr.,

**19**

**20**

BABY BOY WEST II now named "Phoenix Ewing and "<u>BABY BOY WEST I</u>" now named

07-CV-05709-CMP

"Luis Ewing II" as Pro-se, and for cause of action against the above-named defendants, amends

the complaint, alleges as follows:

I.

INTRODUCTION

1.)   This action is brought for declaratory and permanent injunctive relief and money

damages sustained by the Plaintiff's and proximately caused by the negligent or intentional acts

of the defendants or both.   The claims include common law tort causes of action, statutory

causes of action, and offenses committed under color of law resulting in a deprivation of rights

secured by the United States Constitution, the laws of the United States, the Washington State

Constitution and under the common law of the State of Washington.   It is brought pursuant to 42

U.S.C. Sections 1983, 1981, 1982 & 1988, the First,  Fourth and Fourteenth Amendment to the

United States Constitution, and Article 1, Section 12 of the Washington State Constitution, and

common law as derived from federal law as codified at (28 U.S.C. 1333,  28 U.S.C. 1652 and

FRCP Rule 64) and common law as derived from state law against the GOOD SAMARITAN

HOSPITAL,  KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW,

GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through

100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP

POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the

PIIC FACILITY 1 through 100.

2.) Plaintiffs allege that GOOD SAMARITAN HOSPITAL Doctors and Nurses made

unreasonable search and seizure and physical assault and battery with needles to draw the blood

to conduct a search for "drugs" of both of Katherine West and her newborn son "BABY BOY

WEST I" now named "Luis Ewing II" in violation of her "religious objections" under the Social

Security Act as codified in Federal Law at Title 42, Chapter 7, Subchapter XIX, Section 1396

(f); RCW 74.09.190; RCW 70.83.020; RCW 28A.210.090; the First Amendment, Fourth

Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of

the Washington State Constitution.

3.) Plaintiffs allege that GOOD SAMARITAN HOSPITAL Doctors and Nurses made

unreasonable search and seizure and physical assault and battery with needles to draw the blood

to conduct a search for "drugs" of both of Katherine West and her newborn son "BABY BOY

WEST I" now named "Luis Ewing II" in violation of hers and his rights not be searched without

a warrant in violation of the Fourth and Fourteenth Amendments to the United States

Constitution and article 1, section 7 & 9 of the Washington State Constitution and numerous statutes cited in the below listed causes of action and that these same defendant's further assaulted and battered "BABY BOY WEST I" now named "Luis Ewing II" with forced vaccinations of Vitamin K Shot, Hepatitus B Shot which contain MERCURY and Morphine.

4.)  Plaintiffs alleged that GOOD SAMARITAN HOSPITAL Doctors and Nurses discriminated against Luis Ewing's right to invoke his religious objection and his right to refuse or not consent to any "drug testing" of his newborn son "BABY BOY WEST I" now named "Luis Ewing II" based upon "marital status" in violation of RCW 26.26.106, RCW 70.02.130 (1)(a)(b),   RCW 26.26.011 (1)(3)(12)(13), RCW 26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315, RCW 26.26.370, RCW 13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9), RCW 13.34.245,  the First Amendment, Fourth Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of the Washington State Constitution.

5.)  Plaintiffs alleged that GOOD SAMARITAN HOSPITAL Doctors and Nurses discriminated against Luis Ewing's racial status as an Indian Tribal Court Lawyer and therefore

violated Katherine West and their newborn son "BABY BOY WEST I" now named "Luis Ewing

II" federally protected Sixth Amendment Right to Counsel under the U.S. Constitution and

article 1, section 22 of the Washington State Constitution and "BABY BOY WEST I" right to

have his biological father or Tribal Lawyer present to invoke his rights for him pursuant to 18

U.S.C. 5033 and RCW 13.34.245 in violation of Luis Ewing's right to practice law "without

admission" by the Washington State Supreme Court as provided by RCW 2.48.190, RCW

2.48.170, RCW 2.48.180 (7), Sections 3275 & 3276 of the Territorial Code of 1881; APR 1.1

(a), the First Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1,

Section 11 of the Washington State Constitution.


6.)  Plaintiffs allege that GOOD SAMARITAN HOSPITAL Doctors and Nurses violated

the Washington Medical Records Privacy Act, Chapter 70.02.170 et seq.   Plaintiffs further

alleged that the defendants violated the specific provisions of RCW 70.02.020;  RCW 70.02.030

(3)(a)(b)(c)(4); RCW 70.02.050(1)(i);  RCW 70.02.120 (1)(2); The 1985 Uniform Health Care

Information Act;   The Health Insurance Portability and Accountability Act of 1996 (42 U.S.C.

201, et. seq.)

7.)  Plaintiffs allege that GOOD SAMARITAN HOSPITAL KENNETH M. EDSTROM,

M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS and

NURSES 1 through 100 released and/or disclosed private health care information to GOOD

SAMARITAN HOSPITAL SOCIAL WORKERS 1 through 100 who subsequently released

and/or disclosed private health care information to DSHS CPS SOCIAL WORKER AMANDA

JOHNSON who subsequently released and/or disclosed private health care information to DSHS

CPS SOCIAL WORKERS 1 through 100 and to CITY OF PUYALLUP POLICE OFFICERS 1

through 100 and to JOHN AND JANE DOE DOCTORS AND NURSES 1 through 100

employed at the PIIC FACILITY and each and every named defendant committed a separate

violation of the patient-physician privilege, RCW 5.66.060 (4); RCW 5.62.010; RCW 5.62.020

& RCW 5.62.030 and also committed medical malpractice pursuant to RCW 7.70.040 by

releasing and disclosing said private health care information.


8.)  DSHS CPS Social Worker Amanda Johnson after being informed by Katherine West

that Luis Ewing was a Indian Tribal Lawyer and that Luis Ewing had her "power of attorney,"

Amanda Johnson entered Katherine West's hospital room where she was almost passed out and

half asleep from sheer exhaustion and was still under heavy sedative drugs and pain killers that

were administered by the GOOD SAMARITAN DOCTORS or NURSES as the medical records

clearly show that she was on "medication" just after she gave birth to our health 10 and ½ lb

baby boy herein referred to as "BABY BOY WEST I" now named "Luis Ewing II" and

threatened to have another social worker pick up her son "Miles Tejano Jr." and take him into

custody if she did not "sign" an alleged "voluntary placement" form.  When Katherine reminded

Amanda Johnson that Luis Ewing had her "power of attorney" and was a Indian Tribal Lawyer,

Amanda Johnson told Katherine that she does not have to listen to anything that Luis Ewing says

because he is not her legally married husband and because he was not a real attorney or lawyer

because he was not a member of the Washington State Bar Association.  Katherine will be able

to testify that she was barely conscious, that she was still weak from losing so much blood, that

she was still drowsy and almost passing out from all the medication or prescription drugs that the

hospital gave her and that she was terrified and scared that she would lose her other son "Miles

Tejano Jr." if she didn't sign the alleged "voluntary placement form" and that she only signed

under threat, duress and coercion in violation of RCW 9A.60.030 and RCW 13.34.245

specifically holds that no voluntary consent of an indian child is valid unless executed in writing

before the court and filed with the court and accompanied by the written certification of the court

which was never done to the best of our knowledge.

9.)   Plaintiffs allege that Amanda Johnson made false oral claims that some unknown person that she refused to identify or she failed to investigate and properly inform us who had filed a complaint of drug abuse or neglect of child with the CPS Division of DSHS, and further Amanda Johnson never presented up a copy of any complaint that was signed by any doctor or nurse or any other third party in violation of RCW 26.44 et seq., and held our child beyond 72 hours without a court order and still never presented us any written report or complaint?

10.)   Plaintiff alleged that the Puyallup Police negligently failed to investigate in violation of RCW 26.44 et seq., and further held our newborn baby "BABY BOY WEST I" now named "Luis Ewing II" beyond a 2nd 72 hour period, again without a court order.

11.)   Plaintiffs alleged that the PIIC negligently failed to investigate in violation of RCW 26.44 et seq.,  and further held our newborn baby "BABY BOY WEST I" now named "Luis Ewing II" beyond a 2nd 72 hour period, again without a court order.

12.)  Plaintiff's alleged that DSHS negligently failed to investigate in violation of RCW 26.44 et seq.,  and further held our newborn baby "BABY BOY WEST I" now named "Luis Ewing II" beyond a 2nd 72 hour period, again without a court order.

13.)  Jurisdiction is further based upon 28 U.S.C. 1331, 28 U.S.C. 1343, 28 U.S.C. 2201, 28 U.S.C. 2202, and on the pendent jurisdiction of this Court, codified at 28 U.S.C. 1367, to entertain claims arising under state law.  Plaintiff's further elects and invokes 28 U.S.C. 1652, FRCP Rule 64 and further demands that this honorable court protect all his "common law remedies" as required by the Savings to Suitor Clause as codified at Title 28 U.S.C. 1333.

14.)  The child "BABY BOY WEST I" now named "Luis Ewing II" is an INDIAN CHILD.

15.)  All state law prerequisites to filing for relief against a municipality are being complied with concurrently as plaintiff has just recently discovered alleged required procedure of filing a Notice of Claim pursuant to RCW 4.06.020 (4).   Plaintiffs do not thereby acknowledge that any such notice of claims requirement could bar an action for violation of

federal rights under Title 42 U.S.C 1981, 1982 and 1983.  To the extent that the notice of claim

requirement is relevant to pendent state law claims, the requirement is being met concurrently.

II.

JURISDICTION, VENUE AND PARTIES

16.)  Plaintiff's LUIS EWING, KATHERINE WEST, MILES TEJANO JR., BABY BOY

WEST II now named "Phoenix Ewing" and "BABY BOY WEST I" now named "Luis Ewing II"

are resident's of Pierce County, Washington.

17.)   Defendant Good Samaritan Hospital maintains a Hospital, of which defendant's

KENNETH M. EDSTROM,  M.D., FACOG and SUSAN WEBBER,  MSSW, ACSW, and

JOHN and JANE DOE DOCTORS and NURSES 1 through 100 were and are employed as

doctor's, nurse's and/or hospital social worker's.

18.)  At all times material herein, defendant, KENNETH M. EDSTROM, M.D., FACOG

acting on behalf of the Good Samaritan Hospital, was and is responsible for the conduct, actions,

direction and control of all other hospital employees,  and JOHN and JANE DOE DOCTORS

and NURSES 1 through 100 and all hospital social workers.


19.)  At all times material herein, defendant,  SUSAN WEBBER,  MSSW, ACSW acting

on behalf of the Good Samaritan Hospital,  was and is responsible for the conduct, actions,

direction and control of all other hospital employees, nurses and hospital social workers.


20.)  At all times material herein, defendant GOOD SAMARITAN HOSPITAL was and is

doing business as GOOD SAMARITAN HOSPITAL in Pierce County, Washington of which

defendant's KENNETH M. EDSTROM,  M.D., FACOG and SUSAN WEBBER,  MSSW,

ACSW were employees.


21.)  At all times material herein, defendant's KENNETH M. and JANE DOE EDSTROM

were and are marital community.  The negligent and intentional acts hereinafter to have been

committed by defendant KENNETH M. EDSTROM,  M.D., FACOG were performed in

furtherance of the interests of the marital community of KENNETH M. and JANE DOE

EDSTROM.

22.)   At all times material herein, defendant's SUSAN WEBBER. and JOHN DOE WEBBER were and are marital community.  The negligent and intentional acts hereinafter to have been committed by defendant SUSAN WEBBER,  MSSW, ACSW were performed in furtherance of the interests of the marital community of SUSAN. and JOHN DOE WEBBER.

23.) At all times material herein, defendant's KENNETH M. EDSTROM,  M.D., FACOG and SUSAN WEBBER,   MSSW, ACSW were and are employed by defendant GOOD SAMARITAN HOSPITAL.  All acts to have been committed by defendant's EDSTROM and WEBBER were committed by him and her in the course of their employment by, and in the furtherance of the interest's of, GOOD SAMARITAN HOSPITAL, the CPS Division of CPS and the PIIC Facility.

24.)   Defendant DSHS maintains a special division called Child Protective Services hereinafter referred to as the CPS Division of DSHS of which AMANDA JOHNSON was and is employed as a DSHS CPS Social Worker.

25.) At all times material herein, defendant's AMANDA JOHNSON. and JOHN DOE JOHNSON were and are marital community. The negligent and intentional acts hereinafter to have been committed by defendant DSHS CPS SOCIAL WORKER AMANDA JOHNSON were performed in furtherance of the interests of the marital community of AMANDA JOHNSON and JOHN DOE JOHNSON.

26.) At all times material herein, defendant AMANDA JOHNSON was and is employed by defendant DSHS CPS. All acts to have been committed by defendant AMANDA JOHNSON was committed by her in the course of their employment by, and in the furtherance of the interest's of the CPS Division of CPS,  the PIIC Facility and the GOOD SAMARITAN HOSPITAL.

27.) At all times material herein, defendant PUYALLUP POLICE DEPARTMENT was and is doing business as CITY OF PUYALLUP POLICE DEPARTMENT in Pierce County, Washington of which defendant's JOHN and JANE DOE POLICE OFFICERS were employees.

28.) At all times material herein, defendant's JOHN and JANE DOE POLICE OFFICERS 1 through 100 were and are marital community. The negligent and intentional acts hereinafter to

have been committed by defendant's JOHN and JANE DOE POLICE OFFICER'S 1 through

100 were performed in furtherance of the interests of the marital community of JOHN and JANE

DOE POLICE OFFICERS 1 through 100.

 

29.) At all times material herein, defendant's JOHN and JANE DOE POLICE OFFICERS

1 through 100 were and are employed by defendant CITY OF PUYALLUP POLICE

DEPARTMENT. All acts to have been committed by defendant's JOHN and JANE DOE

POLICE OFFICERS 1 through 100 were committed by them in the course of their employment

by, and in the furtherance of the interest's of the CITY OF PUYALLUP POLICE

DEPARTMENT, the CPS Division of CPS, the PIIC Facility and the GOOD SAMARITAN

HOSPITAL.

 

30.) At all times material herein, defendant's JOHN and JANE DOE DOCTORS and

NURSES 1 through 100 were and are doing business as the PIIC FACILITY in King County,

Washington of which defendant's JOHN and JANE DOE DOCTORS and NURSES were

employees.

31.)  At all times material herein, defendant's JOHN and JANE DOE DOCTORS and NURSES 1 through 100 were and are employed by defendant PIIC FACILITY.  All acts to have been committed by defendant's JOHN and JANE DOE DOCTORS and NURSES 1 through 100 were committed by them in the course of their employment by, and in the furtherance of the interest's of the PIIC FACILITY,  CITY OF PUYALLUP POLICE DEPARTMENT, the CPS Division of CPS and the GOOD SAMARITAN HOSPITAL.

32.)  All acts and omissions alleged herein to have been committed by the defendants originated and were carried out within the County of Pierce, State of Washington from 12/06/2005 to 12/23/2005.

33.)  All subsequent acts and omissions alleged herein to have been committed by the defendants were transferred or moved and were carried out within the County of King, State of Washington from 12/06/2005 to 12/23/2005.

34.)  At all times material herein, defendant's KENNETH M. EDSTROM,  M.D., FACOG and SUSAN WEBBER,  MSSW, ACSW were acting or failing to act as employees of the GOOD SAMARITAN HOSPITAL, acting under color of state law.

35.) At all times material herein, defendant DSHS CPS SOCIAL WORKER AMANDA JOHNSON was acting or failing to act as an employee of the CPS Division of DSHS, acting under color of law.

36.) At all times material herein, defendant's CITY OF PUYALLUP POLICE OFFICERS JOHN and JANE DOE 1 through 100 were acting or failing to act as an employee of the CITY OF PUYALLUP POLICE DEPARTMENT, acting under color of law.

37.) At all times material herein, defendant's PIIC FACILITY DOCTORS and NURSES JOHN and JANE DOE 1 through 100 were acting or failing to act as an employee of the PIIC FACILITY, acting under color of law.

38.) At all times material herein, defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100 were acting or failing to act as:

a.) an employee of defendant GOOD SAMARITAN HOSPITAL; or

b.) an employee or agent of the STATE OF WASHINGTON CPS Division of DSHS; or

c.) an employee or agent of the CITY OF PUYALLUP POLICE DEPARTMENT; or

d.) an employee or agent of the PIIC FACILITY; or

e.) both an employee of defendant GOOD SAMARITAN HOSPITAL and employee or agent of defendant STATE OF WASHINGTON DSHS CHILD PROTECTIVE SERVICES and employee or agent of defendant CITY OF PUYALLUP POLICE DEPARTMENT and employee or agent of defendant PIIC FACILITY.

39.) At all times material herein, defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100 were acting under color of state law.

40.) This court has jurisdiction over the parties and the subject matter of this action.

REQUISITE ALLEGATIONS

41.) As a direct and proximate result of the conduct of the defendants described above and below,   plaintiff's have been denied their constitutional rights as stated above and below and have suffered and continue to suffer mental and emotional distress, humiliation and embarrassment, discomfort, anxiety and pain.

42.) Defendant's acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for plaintiff's rights.  Therefore defendant's actions justify an award to plaintiff's of punitive damages.

43.) Defendant's secret unpublished and un-posted public policies, practices, conduct and acts of racial and economic profiling in discrimination of the plaintiffs religious objections, marital status and tribal attorney status herein have resulted and continue to result in irreparable injury to plaintiffs, including but not limited to further violation of their constitutional rights. Plaintiffs have no plain, adequate or complete remedy at law to address the numerous wrongs described herein.   Plaintiffs therefore seek declaratory and permanent injunctive relief and money damages brought against all the named defendants herein in both their professional and individual capacities.

MUNICIPAL OR CORPORATE LIABILITY ALLEGATIONS AND ALLEGATIONS

RELATED TO TRAINING AND SUPERVISION

44.)  THE GOOD SAMARITAN HOSPITAL and the PIIC FACILITY has developed or

maintained secret unpublished and un-posted public policies or customs exhibiting deliberate

indifference to the constitutional rights of certain persons in Pierce County, which caused the

violation of plaintiffs rights.  THE GOOD SAMARITAN HOSPITAL and the PIIC FACILITY

and/or had the power to prevent said violations of plaintiffs rights and could have done so with

reasonable diligence.

45.)  It was the policy or custom of GOOD SAMARITAN HOSPITAL and the PIIC

FACILITY to inadequately and improperly train it's doctors and nurses of their responsibility

under the patient-physician privilege, RCW 5.66.060 (4); RCW 5.62.010; RCW 5.62.020 &

RCW 5.62.030 to not release or disclose private health care information to hospital social

workers who subsequently released and disclosed private health care information to DSHS CPS

Social Workers who subsequently released and disclosed private health care information to City

of Puyallup Police Officers without express prior written authorization and consent as required

by the Washington Healthcare Information & Disclosure Act as codified at RCW 70.02.020;

RCW 70.02.030(3)(a)(b)(c); RCW 70.02.050(1)(i);   RCW 70.02.120(1)(2); RCW 13.24.245,

The 1985 Uniform Health Care Information Act;     The Health Insurance Portability and

Accountability Act of 1996 (42 U.S.C. 201, et. seq.) and further GOOD SAMARITAN

HOSPITAL and the PIIC FACILITY failed to train or supervise its doctors and nurses that

absent a "court order" issued by a court of competent jurisdiction, they cannot release or accept

any private health care information for or to anyone without the 14 day required notice by

service of process or first class mail of all discovery process or compulsory process under RCW

70.02.060.


46.)   It was the policy or custom of GOOD SAMARITAN HOSPITAL and the PIIC

FACILITY to inadequately and improperly train it's doctors and nurses to discriminate against

un-married fathers in violation of RCW 26.26.106, RCW 70.02.130 (1)(a)(b),  RCW 26.26.011

(1)(3)(12)(13), RCW 26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315,

RCW 26.26.370, RCW 13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9), RCW

13.34.245,  the First Amendment, Fourth Amendment and Fourteenth Amendment of the U.S.

Constitution and Article 1, Section 11 of the Washington State Constitution.

47.)   It was the policy or custom of GOOD SAMARITAN HOSPITAL and the PIIC

FACILITY to inadequately and improperly train it's doctors and nurses to discriminate against

those who have a "religious objection" to undergo any unwanted or un-authorized medical

screening, physical examination,  diagnosis or "drug testing"in violation of the Social Security

Act as codified in Federal Law at Title 42, Chapter 7, Subchapter XIX, Section 1396 (f); RCW

74.09.190; RCW 70.83.020; RCW 28A.210.090; RCW 13.34.245, the First Amendment, Fourth

Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of

the Washington State Constitution.   THE GOOD SAMARITAN HOSPITAL and the PIIC

FACILITY had the power to prevent said violations of plaintiffs rights and could have done so

with reasonable diligence.


47.)   It was the policy or custom of the CPS Division of DSHS to inadequately and

improperly train its CPS social workers to ascertain or investigate or determine whether or not a

patient's right to not have their private medical information released or disclosed to hospital

social workers who then subsequently improperly released the same private medical information

to DSHS CPS Social Workers without the express prior written permission as required by

Washington Healthcare Information & Disclosure Act as codified at RCW 70.02.020; RCW

13.34.245,  RCW 70.02.030(3)(a)(b)(c); RCW 70.02.050(1)(i);  RCW 70.02.120(1)(2); The 1985

Uniform Health Care Information Act;   The Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. 201, et. seq.).  The CPS Division of DSHS had the power to prevent said violations of plaintiffs rights and could have done so with reasonable diligence.

48.)  It was the policy or custom of the CPS Division of DSHS to inadequately and improperly train its social workers to discriminate against un-married fathers in violation of RCW 26.26.106, RCW 13.34.245,  RCW 70.02.130 (1)(a)(b),  RCW 26.26.011 (1)(3)(12)(13), RCW 26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315, RCW 26.26.370, RCW 13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9),  the First Amendment, Fourth Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of the Washington State Constitution.  The CPS Division of DSHS had the power to prevent said violations of plaintiffs rights and could have done so with reasonable diligence.

49.)  It was the policy or custom of the CPS Division of DSHS to inadequately and improperly train its social workers to be ignorant of and not follow all the required administrative procedures listed in RCW 26.44 et seq.

50.)   The City of Puyallup Police Department has developed or maintained secret unpublished and un-posted public policies or customs exhibiting deliberate indifference to the constitutional rights of certain persons in Pierce County, which caused the violation of plaintiffs rights.   The City of Puyallup Police Department had the power to prevent said violations of plaintiffs rights and could have done so with reasonable diligence.

51.) It was the policy and/or custom of the City of Puyallup to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.   The City of Puyallup did not require appropriate in-service training or re-training of officers despite its knowledge that officers had engaged in police misconduct including constitutional violations.

52.) It was the policy or custom of the City of Puyallup Police Department to inadequately and improperly train its officers to discriminate against those who have a "religious objection" to undergo any unwanted or un-authorized medical screening, physical examination,  diagnosis or "drug testing"in violation of the Social Security Act as codified in Federal Law at Title 42, Chapter 7, Subchapter XIX, Section 1396 (f); RCW 74.09.190; RCW 70.83.020; RCW 28A.210.090; RCW 13.34.245, the Fourth Amendment and Fourteenth Amendment of the U.S.

Constitution and Article 1, Sections 7, 9 and 11 of the Washington State Constitution.  The City

of Puyallup Police Department had the power to prevent said violations of plaintiffs rights and

could have done so with reasonable diligence.

53.) It was the policy or custom of the City of Puyallup Police Department to inadequately

and improperly train its officers to investigate whether or not a a patient's right to not have their

private medical information released or disclosed to hospital social workers and/or DSHS CPS

Social Workers without the express prior written permission as required by Washington

Healthcare Information & Disclosure Act as codified at RCW 70.02.020;    RCW

70.02.030(3)(a)(b)(c); RCW 70.02.050(1)(i);  RCW 70.02.120(1)(2); The 1985 Uniform Health

Care Information Act;    The Health Insurance Portability and Accountability Act of 1996 (42

U.S.C. 201, et. seq.) and RCW 13.34.245.  The City of Puyallup Police Department had the

power to prevent said violations of plaintiffs rights and could have done so with reasonable

diligence.

54.) It was the policy or custom of the City of Puyallup Police Department to inadequately

and improperly train its officers to discriminate against un-married fathers in violation of RCW

26.26.106, RCW 70.02.130 (1)(a)(b), RCW 13.34.245,  RCW 26.26.011 (1)(3)(12)(13), RCW

26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315, RCW 26.26.370, RCW

13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9),   the First Amendment, Fourth

Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of

the Washington State Constitution.  The City of Puyallup Police Department had the power to

prevent said violations of plaintiffs rights and could have done so with reasonable diligence.

      59.)  The above-described policies and customs demonstrate a deliberate indifference on

the part of THE GOOD SAMARITAN HOSPITAL,   KENNETH M. EDSTROM,   M.D.,

FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES

and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER

AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and

JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100, to the

constitutional rights of persons within Pierce County and King County, and were the cause of the

violations of plaintiffs rights alleged herein.

      60.)   The acts and omissions complained of herein were taken by defendants due to

plaintiffs race (Indian) and due to plaintiffs religion (Christian).

61.) The acts and omissions and failure to train and supervise complained of herein were

taken by the defendants KENNETH M. EDSTROM,  M.D., FACOG, SUSAN WEBBER,

MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL

WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY

OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS

and NURSES of the PIIC FACILITY 1 through 100, due to the racial status, economic status and

religious status of persons likely to be affected by defendants policies, customs, actions and

failures to act.

VICARIOUS LIABILITY ALLEGATIONS

62.) Defendants should not indemnify the individual defendants for any damages awarded

against them at trial of this action, including punitive damages, because the individual

defendants did not follow the strict guidelines and required administrative procedures required

by all the statutes mentioned herein.

63.) Defendants GOOD SAMARITAN HOSPITAL, DSHS CPS OF THE STATE OF

WASHINGTON, CITY OF PUYALLUP POLICE DEPARTMENT AND THE PIIC FACILITY

are all responsible for the fault of the individual defendants because the individual defendants

were acting as agents or servants for their employers in some capacity.  Defendants are all liable

for most or all damages awarded against individual defendants, including punitive damages,

pursuant to RCW 4.22.070 (1)(a).


64.)  Since plaintiffs Luis Ewing, Katherine West, Miles Tejano Jr.,  BABY BOY WEST II

and "BABY  BOY  WEST  I" now  named  "LUIS  EWING  II" are  fault  free,     GOOD

SAMARITAN HOSPITAL,  KENNETH M. EDSTROM,  M.D., FACOG, SUSAN WEBBER,

MSSW,  ACSW,  GOOD  SAMARITAN  DOCTORS,  NURSES  and  HOSPITAL  SOCIAL

WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY

OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS

and NURSES of the PIIC FACILITY 1 through 100 are all jointly and severally liable for all

damages awarded, including punitive damages, pursuant to RCW 4.22.070 (1)(b).

III.

FIRST CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR DISCRIMINATION

AND VIOLATION OF RELIGIOUS OBJECTIONS TO DRUG TESTING

UNDER BOTH STATE AND FEDERAL STATUTES

65.) Paragraphs 1 through 64 are incorporated herein by reference as though fully set forth.

66.)    The acts and omissions of the defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage.

67.) From December 6 through 23 of December, A.D. 2005, and at this location, the defendants THE GOOD SAMARITAN HOSPITAL, KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON and JOHN & JANE DOE DSHS CPS DIVISION SOCIAL WORKERS 1 through 100 discriminated and violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX EWING and "BABY BOY WEST I" now named "LUIS EWING II" federally protected rights to object or reject or refuse to submit to or undergo any medical screening, examination, diagnosis or treatment or to accept or not accept any other health care or services provided under such plan for any purpose on "religious grounds" in violation of the Social Security Act as codified in Federal Law at Title 42, Chapter 7, Subchapter XIX, Section 1396 (f); RCW 74.09.190; RCW 70.83.020; RCW 28A.210.090; RCW 13.34.245,

the First Amendment, Fourth Amendment and Fourteenth Amendment of the U.S. Constitution

and Article 1, Section 11 of the Washington State Constitution.

68.)  The acts, omissions,  negligent and intentional acts of defendants herein caused the

deprivation of the  the First Amendment, Fourth Amendment and Fourteenth Amendment of the

U.S. Constitution and Article 1, Section 11 of the Washington State Constitutional rights of the

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., BABY BOY

WEST II now named "Phoenix Ewing and "BABY BOY WEST I" now named "Luis Ewing II"

have been injured and sustained damages in an amount to be proven at trial.

IV.

SECOND CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

DISCRIMINATION BASED ON MARITAL & RACIAL STATUS.

69.)    Paragraphs 1 through 68 are incorporated herein by reference as though fully set

forth.

70.)  The acts and omissions of the defendants herein were done under the color of state

law,  unpublished, un-posted and secret public policy, custom or usage from December 6,  A.D.

2005 through December 23rd, A.D.  2005.

71.)  On approximately December 6th, A.D.  2005 through December 23rd, A.D.  2005, and at this location, the defendants THE GOOD SAMARITAN HOSPITAL,  KENNETH M. EDSTROM, M.D.,  FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100,  DSHS CPS SOCIAL WORKER AMANDA JOHNSON and JOHN & JANE DOE DSHS CPS DIVISION SOCIAL WORKERS 1 through 100 discriminated and violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING and BABY BOY WEST'S federally protected rights at 28 U.S.C. 1333, 28 U.S.C. 1652 and FRCP Rule 64 to not be discriminated against based upon "marital status" and "tribal lawyer status" in violation of RCW 26.26.106, RCW 70.02.130 (1)(a)(b),  RCW 26.26.011 (1)(3)(12)(13), RCW 26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315, RCW 26.26.370, RCW 13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9), RCW 13.34.245,  the First Amendment, Fourth Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of the Washington State Constitution which required the defendant's honor the biological father Luis Ewing's "religious objection" pursuant to the laws cited above in paragraph 3.2.

VI.

THIRD CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS

FOR THE UNREASONABLE AND UNLAWFUL SEARCH AND SEIZURE

OF KATHERINE ANN WEST AND BABY BOY WEST I

72.) Paragraphs 1 through 71 are incorporated by reference as though fully set forth.

73.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from December 6, A.D. 2005 through December 23rd, A.D. 2005.

74.) Katherine Ann West and "BABY BOY WEST I" had a federally protected right to be free from unreasonable searches and seizures of their person(s) which were violated by the defendants GOOD SAMARITAN HOSPITAL KENNETH M. EDSTROM,  M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON and JOHN & JANE DOE DSHS CPS DIVISION SOCIAL WORKERS 1 through 100 who together in collusion and conspiracy made unreasonable searches and seizures of the person(s) of Katherine Anne West and BABY BOY WEST by failing to obtain the required valid express "written consent" and authorization to conduct any and/or all drug screening test's

of their blood, urine, stool and hair samples thus violating their rights under the Fourth, Fifth and

Fourteenth Amendment to the United States Constitution;  Article 1, Section's 7, 9,  1.  29 & 30

of the Washington State Constitution;    RCW 70.02.020;  RCW 13.34.245,    RCW

70.02.030(3)(a)(b)(c); RCW 70.02.050(1)(i);  RCW 70.02.120(1)(2); The 1985 Uniform Health

Care Information Act;    The Health Insurance Portability and Accountability Act of 1996 (42

U.S.C. 201, et. seq.);  Ferguson v. City of Charleston, 532 U.S. 67 (2001), 28 U.S.C. 1333, 28

U.S.C. 1652 and FRCP Rule 64,   and that these same defendants assaulted and battered

plaintiff(s) Katherine Anne West and BABY BOY WEST by the forcible piercing and/or

injection of needles to obtain blood samples without express "written authorization" in violation

of the implied consent doctrine.   Plaintiffs further allege that defendants committed these

violations and torts as a result of secret unpublished public policies and customs of the GOOD

SAMARITAN HOSPITAL in collusion and conspiracy with the CPS Division of DSHS.

Moreover, plaintiffs allege that the GOOD SAMARITAN HOSPITAL failed to adequately train

and supervise said doctors, nurses and hospital social workers.

75.)  As a proximate result of the acts, omissions,  negligence,  intentional acts and

deprivation of Plaintiff's  LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR.,

BABY BOY WEST II now named Phoenix Ewing and "BABY BOY WEST I" now named

"Luis Ewing II" constitutional rights,   plaintiffs have been injured and sustained personal

damages in an amount to be proven at trial.

VII.

FOURTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

RACIAL DISCRIMINATION AGAINST

INDIAN TRIBAL COURT LAWYER LUIS EWING

76.) Paragraphs 1 though 75 are incorporated by reference as though fully set forth.

77.) The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage.

78.) On this date and at this location, the defendants KENNETH M. EDSTROM,  M.D.,

FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES

and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER

AMANDA JOHNSON and JOHN & JANE DOE DSHS CPS DIVISION SOCIAL WORKERS

1 through 100 violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES

TEJANO JR., BABY BOY WEST II now named Phoenix Ewing and "BABY BOY WEST I"

now named "Luis Ewing II" federally protected rights to have assistance of counsel (Tribal Court Lawyer Luis Ewing), in violation of his right to practice law "without admission" by the Washington State Supreme Court as provided by RCW 2.48.190, RCW 2.48.170, RCW 2.48.180 (7), Sections 3275 & 3276 of the Territorial Code of 1881; APR 1.1 (a), the First Amendment and Fourteenth Amendment of the U.S. Constitution and Article 1, Section 11 of the Washington State Constitution, 28 U.S.C. 1333, 28 U.S.C. 1652 and FRCP Rule 64.

VIII.

FIFTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS

FOR VIOLATION OF PLAINTIFF'S SIXTH AMENDMENT

RIGHT TO COUNSEL

79.) Paragraphs 1 though 78 are incorporated by reference as though fully set forth.

80.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from December 6th, A.D. 2005 through December 23rd, A.D. 2005.

81.) On approximately December 6th, A.D. 2005 and continuing through December 23rd, A.D. 2005, and at this location, the defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON and JOHN & JANE DOE DSHS CPS DIVISION SOCIAL WORKERS 1 through 100 violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., BABY BOY WEST II now named "Phoenix Rising" and "BABY BOY WEST I" now named "Luis Ewing II" federally protected rights to have assistance of counsel (Tribal Court Lawyer Luis Ewing) in violation of the Sixth Amendment of the U.S. Constitution, Article 1, Section 22 of the Washington State Constitution and 18 U.S.C. 5033.  Further, Luis Ewing as either the biological father or Tribal Lawyer had a right under 18 U.S.C. 5033 and RCW 26.26.106, RCW 70.02.130 (1)(a)(b) and RCW 13.34.245 to invoke his son BABY BOY WEST I rights to not submit to any "drug testing" or medical screening of any kind at all times.

X.

SIXTH CAUSE OF ACTION

42 U.S.C. 1981, 1982, 1983 CLAIM AGAINST DEFENDANTS FOR UNLAWFUL ACCESS

AND DISCLOSURE OF MEDICAL HEALTH CARE INFORMATION

82.) Paragraphs 1 though 81 are incorporated by reference as though fully set forth.

83.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to 12/23/2005.

84.) On these dates and location, defendants GOOD SAMARITAN HOSPITAL KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100 released and/or disclosed private health care information that was not authorized in violation of the Washington Medical Records Privacy Act, Chapter 70.02.170 et seq. Plaintiffs further alleged that the defendants violated the specific provisions of RCW 70.02.020; RCW 70.02.030 (3)(a)(b)(c)(4); RCW 70.02.050(1)(i); RCW 70.02.120 (1)(2); The 1985 Uniform Health Care Information Act; The Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. 201, et. seq.) and RCW 13.34.245.

85.) As a proximate result of the negligent and intentional acts previously alleged, plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an amount to be proven at trial.

86.) The plaintiff Katherine will be able to testify that after she was separated from her Tribal Lawyer Luis Ewing,  that she was confronted by GOOD SAMARITAN NURSES in the hospital corridor or hallway right at the door of the operating room, while bent over and crying in severe pain because she was six weeks over-due,  that she was told by GOOD SAMARITAN NURSES that hospital policy required that she submitted to "mandatory drug testing" before she could get surgery approved for her C Section to deliver her baby boy in violation of her federally protected constitutional right not to be compelled to waive one right in order to exert another in violation of RCW 70.02.030 (4),  in violation of her right to counsel and in specific violation of RCW 70.02.020 and RCW 70.02.030 (3)(a)(b)(c) and RCW 13.34.245 which provides that no patient consent, authorization or disclosure is valid unless it is in "writing" in open court and accompanied by the written certification by the court.

87.) The plaintiff Katherine West will be able to testify that at no time was she read or given a copy of an implied consent warning or that she had a right to refuse to submit to any drug testing in violation of  The 1985 Uniform Health Care Information Access & Disclosure

Act, RCW 70.02 et seq.;  The Health Insurance Portability and Accountability Act of 1996 (42

U.S.C. 201, et. seq.) and <u>Ferguson v. City of Charleston,</u> 532 U.S. 67 (2001).


88.)  The plaintiff Katherine West will be able to testify that at no time was she informed

that pursuant to RCW 70.02.060 that she had a right to 14 days prior notice from (CPS) or

anyone else seeking health care information from her health care provider Good Samaritan

Hospital which would have allowed her attorney (Tribal Court Lawyer Luis Ewing) 14 days to

seek and obtain a protective order to prevent the health care provider from complying with the

disclosure request.


89.)  The plaintiff Katherine West will be able to testify that the GOOD SAMARITAN

NURSES and AMANDA JOHNSON told her that they did not have to listen to anything that

Luis Ewing had to say because he was not her legally married husband in violation of RCW

26.26.106, RCW 70.02.130 (1)(a)(b), RCW 13.34.245,  RCW 26.26.011 (1)(3)(12)(13), RCW

26.26.101 (2)(a)(b), RCW 26.26.300, RCW 26.26.305, RCW 26.26.315, RCW 26.26.370, RCW

13.04.011 (5)(6), RCW 13.32A.030 (14), RCW 13.70.010 (9), 42 U.S.C. 1981, 42 U.S.C. 1982,

42 U.S.C. 1983,  the First Amendment, Fourth Amendment and Fourteenth Amendment of the

U.S. Constitution and Article 1, Section 11 of the Washington State Constitution.

90.) As a proximate result of the negligent and intentional acts previously alleged, plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING and BABY BOY WEST have been injured and sustained damages in an amount to be proven at trial.

XI.

SEVENTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS

FOR MEDICAL MALPRACTICE

91.) Paragraphs 1 though 90 are incorporated by reference as though fully set forth.

92.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to 12/23/2005.

93.) On these dates and location,  defendants GOOD SAMARITAN HOSPITAL KENNETH M. EDSTROM,  M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100

released and/or disclosed private health care information that was not authorized in violation of

the Washington Medical Malpractice Act, Chapter 7.70.040, RCW and RCW 13.34.245.

94.)   As a proximate result of the negligent and intentional acts previously alleged,

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an

amount to be proven at trial.

XII.

EIGHTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

VIOLATION OF PATIENT-PHYSICIAN PRIVILEGE

95.) Paragraphs 1 though 94 are incorporated by reference as though fully set forth.

96.)  The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to

12/23/2005.

97.)   On these dates and location,   defendants GOOD SAMARITAN HOSPITAL

KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD

SAMARITAN DOCTORS and NURSES 1 through 100 released and/or disclosed private health

care information to GOOD SAMARITAN HOSPITAL SOCIAL WORKERS 1 through 100 who

subsequently released and/or disclosed private health care information to DSHS CPS SOCIAL

WORKER AMANDA JOHNSON who subsequently released and/or disclosed private health

care information to DSHS CPS SOCIAL WORKERS 1 through 100 and to CITY OF

PUYALLUP POLICE OFFICERS 1 through 100 and to JOHN AND JANE DOE DOCTORS

AND NURSES 1 through 100 employed at the PIIC FACILITY  that was not authorized in

violation of the patient-physician privilege, RCW 5.66.060 (4); RCW 5.62.010; RCW 5.62.020,

RCW 5.62.030 and RCW 13.34.245,  which likewise requires the patient, patient's spouse

(married or unmarried) or authorized representatives consent to disclose health care information.

98.)   As a proximate result of the negligent and intentional acts previously alleged,

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an

amount to be proven at trial.

XIII.

NINTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

NEGLIGENT INVESTIGATION & NEGLIGENT SUPERVISION


99.) Paragraphs 1 though 98 are incorporated by reference as though fully set forth.


100.) The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to

12/23/2005.


101.) On these dates and location, DSHS CPS Social Worker Amanda Johnson and the

City of Puyallup Police Department Police Officer JOHN and JANE DOE 1 through 100

violated their duty under RCW 26.44.050 to first,  investigate reasonably, second,  but also did

too much by investigating in a manner that is overzealous and procedurally improper and third,

by negligently removing a newborn baby from innocent parents and fourth, by negligently

failing to remove a child from defendant GOOD SAMARITAN HOSPITAL and defendant PIIC

FACILITY in which both defendant's abused and assaulted the baby with forced vaccinations of

a Vitamin K Shot, Hepatitus B Shot which contain MERCURY and further administered

Morphine which caused harm and permanent physical damage to BABY BOY WEST in

violation of RCW 26.44.010; RCW 13.34.020; RCW 13.34.060, WAC 388-15-130 and RCW

13.34.245.

102.)   As a proximate result of the negligent and intentional acts previously alleged,

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an

amount to be proven at trial.

XIV.

TENTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

FALSE ARREST / FALSE IMPRISONMENT / CUSTODIAL INTERFERENCE

103.) Paragraphs 1 though 102 are incorporated by reference as though fully set forth.

104.)  The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to

12/23/2005.

105.) On these dates and at this location, the defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER, MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100 violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING'S rights to the care, custody, breast-feeding and nurturing of their newborn son "BABY BOY WEST I" by falsely arresting and falsely imprisoning "BABY BOY WEST I" under the color of law in violation of RCW 26.44.010; RCW 13.34.020; RCW 13.34.060, WAC 388-15-130 and RCW 13.34.245.

106.) As a proximate result of the negligent and intentional acts previously alleged, plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING and BABY BOY WEST have been injured and sustained damages in an amount to be proven at trial.

XV.

ELEVENTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS FOR

FALSE ARREST & FALSE IMPRISONMENT OF

KATHERINE WEST

107.) Paragraphs 1 though 106 are incorporated by reference as though fully set forth.

108.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to 12/23/2005.

109.) On these dates and at this location, the defendants CITY OF PUYALLUP POLICE OFFICERS 1 through 100 conducted an illegal search without a warrant in violation of the Fourth Amendment to the U.S. Constitution and in violation of article 1, section 7 of the Washington State Constitution and RCW 34.05.350 and without any "statutory authority" to run or conduct a "electronic mobile data terminal" or "criminal background check" or search for outstanding warrants in violation of the Washington State Administrative Procedure Act at 34.05.350 which caused the "emergency amendment" to subsection (2) of RCW 46.61.020 that was passed on September 17, 1997 in special "emergency session" at Washington session law: 1st sp.s. c 1 § 1; 1989 c 353 § 7; 1979 ex.s. c 136 § 4.] Notes: Effective date--1997 1st sp.s. c 1:

[September 17, 1997]." [1997 1st sp.s. c 1 § 2.], to expire 120 days from September 17, 1997 if

it was not passed at the next regular session. (See State v. Rife, 133 Wn.2d 140, at 150, 943 P.2d

266 (1997).

### XIII.

### TWELFTH CAUSE OF ACTION

### 42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS

### FOR ASSAULT / BATTERY

110.) Paragraphs 1 though 109 are incorporated by reference as though fully set forth.

111.) The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to

12/23/2005.

112.) On these dates and at these locations, defendant GOOD SAMARITAN HOSPITAL

and defendant PIIC FACILITY both defendant's abused and assaulted BABY BOY WEST with

forced injections of needles for the purpose of obtaining blood samples for drug screening test's

without our prior express written authorization and further forced vaccinations of a Vitamin K

Shot, Hepatitus B Shot and Morphine without our express written authorization which caused

harm and permanent physical damage to BABY BOY WEST in violation of RCW 26.44.010;

RCW 13.34.020; RCW 13.34.060, WAC 388-15-130 and RCW 13.34.245.

113.)   As a proximate result of the negligent and intentional acts previously alleged,

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an

amount to be proven at trial.

XIV.

THIRTEENTH CAUSE OF ACTION

42 U.S.C. 1981, 1982 & 1983 CLAIM AGAINST DEFENDANTS

FREEDOM OF ASSOCIATION

114.) Paragraphs 1 though 114 are incorporated by reference as though fully set forth.

115.) The acts and omissions of defendants herein were done under the color of state law,

unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to

12/23/2005.

116.)  On these dates and at this location, the defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100 violated the plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING'S rights to the care, custody, breast-feeding and nurturing of their newborn son BABY BOY WEST by falsely arresting and falsely imprisoning him under the color of law thus depriving BABY BOY WEST and his immediate named family their rights to the Freedom of Association under the 1st Amendment of the U.S. Constitution and Article 1, Section 11 of the Washington State Constitution and in violation of RCW 26.44.010;  RCW 13.34.020;  RCW 13.34.060 and WAC 388-15-130.

117.)  As a proximate result of the negligent and intentional acts previously alleged, plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX RISING EWING and BABY BOY WEST have been injured and sustained damages in an amount to be proven at trial.

XV.

FOURTEENTH CAUSE OF ACTION

42 U.S.C. 1983 CLAIM AGAINST DEFENDANTS

FOR MALICIOUS PROSECUTION

118.) Paragraphs 1 though 117 are incorporated by reference as though fully set forth.

119.) The acts and omissions of defendants herein were done under the color of state law, unpublished, un-posted and secret public policy, custom or usage from 12/06/2005 to 12/23/2005.

120.)   On these dates and at this location, the defendants KENNETH M. EDSTROM, M.D., FACOG, SUSAN WEBBER,  MSSW, ACSW, GOOD SAMARITAN DOCTORS, NURSES and HOSPITAL SOCIAL WORKERS 1 through 100, DSHS CPS SOCIAL WORKER AMANDA JOHNSON, the CITY OF PUYALLUP POLICE OFFICERS 1 through 100 and JOHN and JANE DOE DOCTORS and NURSES of the PIIC FACILITY 1 through 100, (1) instituted and continued this action and non-action in violation of RCW 4.24.350 (1) in willful, wanton and reckless disregard of the plaintiff's constitutional rights as codified and defined in WPIC 10.03 and RCW 9A.08.010 (1)(c),  with knowledge that it was (2) false and unfounded and that there was want or probable cause,  (3) an arrest of BABY BOY WEST occurred, (4) the

proceedings terminated in favor of the plaintiff and were abandoned, and (5) the plaintiffs

suffered injury and permanent damages as a result of this malicious prosecution.

121.)   As a proximate result of the negligent and intentional acts previously alleged,

plaintiffs LUIS EWING, KATHERINE ANNE WEST, MILES TEJANO JR., PHOENIX

RISING EWING and BABY BOY WEST have been injured and sustained damages in an

amount to be proven at trial.

XVI.

FIFTEENTH CAUSE OF ACTION

LIBEL / SLANDER / DEFAMATION OF CHARACTER

122.)   Plaintiff reserves right to amend this complaint at a later to date to include these

causes of action.

XVII.

SIXTEENTH CAUSE OF ACTION

WRONGFUL INFLICTION OF EMOTIONAL DISTRESS

123.)   Plaintiff reserves right to amend this complaint at a later to date to include this cause

of action.

XIX.

SEVENTEENTH CAUSE OF ACTION

OUTRAGE

124.) Plaintiff reserves right to amend this complaint at a later to date to include this cause of action.

XX.

EIGHTEENTH CAUSE OF ACTION

GROSS NEGLIGENCE

125.) Plaintiff reserves right to amend this complaint at a later to date to include this cause of action.

XXI.

That plaintiffs injuries were sustained as a direct and proximate cause of defendant's negligence as described above as a continuing violation from 12/06/2005 through 12/23/2005.

WHEREFORE, plaintiffs demand judgment against defendant's as follows:

1.) For damages as proven at the time of trial.

2.) For attorney's fees and costs as allowed by law.

3.) For such other and further relief as the court deems just and equitable.

DATED this 13th day of March, A.D. 2009

_____

Luis Anthony Ewing

_____

Katherine West

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23