1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9              AT TACOMA

10   LUIS ANTHONY EWING et al.,,

11              Plaintiffs,

12        v.                              Case No. C07-5709 FDB

13   GOOD SAMARITAN HOSPITAL, et al.,,    ORDER GRANTING DEFENDANT
                                          CITY OF PUYALLUP'S MOTION
14              Defendants.               FOR SUMMARY JUDGMENT

15

16          This matter comes before the Court on motion of Defendant City of Puyallup Police

17   Department for summary judgment of dismissal of this action for unconstitutional and tortious

18   conduct.  The Plaintiffs have not responded to the motion for summary judgment.  After having

19   reviewed the record and Defendants' unopposed motion, the Court grants the motion for summary

20   judgment for the reasons that follow.

21                       **Introduction and Background**

22          Previously, this Court granted summary judgment of dismissal of this action against co-

23   defendants Good Samaritan Hospital and Pediatric Interim Care Center.  Plaintiffs did not respond

24   to those motions for summary judgment. Nor have Plaintiffs responded to the instant motion.  Local

25

26   ORDER - 1

Rule CR 7(b)(2) provides that if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. Where the local rule permits the court to grant a motion for summary judgment when the nonmoving party fails to file opposing material, the district court has discretion to determine whether summary judgment is appropriate. Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993). Because Plaintiffs have failed to file a response, the Court will deem Plaintiffs' failure an admission the motion has merit.

Plaintiffs are pro se litigants that were granted leave to proceed in forma pauperis on February 26, 2008. In response to this Court's Order for a more definite statement, on March 13, 2009, Plaintiffs filed an amended complaint.

Plaintiffs' lawsuit is based on the actions the defendants took in regard to the December 2005 birth of Katherine West's baby (whom Plaintiffs refer to as Baby Boy West). Plaintiffs sued Good Samaritan Hospital (GSH), the physician, Washington Child Protective Services (CPS), several social workers, the City of Puyallup Police Department, and the Pediatric Interim Care Center (PICC) whom provided care to the newborn. Plaintiffs allege fourteen causes of action and purport to "reserve" four others.

On July 22, 2009, in response to GHS's motion for summary judgment, the Plaintiffs moved for a 90 day continuance of the motion alleging, in part, that they had not received the Defendant's motion, nor the Minute Orders of this Court.

This Court granted, in part, Plaintiffs' request for a continuance and renoted the motion for summary judgment for August 28, 2009. This order also directed the Plaintiffs to keep the Court and all parties apprised of their current address. The Court's order, addressed to the Plaintiffs at their last known address, was returned as not deliverable and unable to forward, with a handwritten notation "NOT HERE !! RETURN TO SENDER."

On August 6, 2009, Defendant Pediatric Interim Care Center moved for summary judgment,

ORDER - 2

asserting that neither PICC nor its employees engaged in any actionable conduct.  This motion was noted for consideration on August 28, 2009, in conjunction with consideration of GSH's motion.  The Plaintiffs failed to respond and this Court, having considered the motion on the merits, granted both motions for summary judgment.

### Standards for Summary Judgment

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)**.**

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 248.  The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions.  <u>Id</u>.  Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment.  <u>Anderson</u>, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial.  However, if the evidence is merely colorable or is not significantly probative, summary judgment

ORDER - 3

may be granted. <u>Anderson</u>, 477 U.S. at 249-50.

In civil rights cases and in the context of a motion for summary judgment where a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the pro se litigant the benefit of any doubt. <u>Baker v. McNeil Island Corrections Ctr</u>., 859 F.2d 124, 127 (9th Cir. 1988).

As with the previous motions, notwithstanding Plaintiffs' failure to respond, the Court has reviewed said motion, the supporting statement of facts and exhibits thereto, as well as the record before it, and finds that Plaintiffs have failed to produce evidence sufficient to support their claims, and therefore The Puyallup Police Department is entitled to summary judgment.

**The Undisputed Facts**

A district court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. <u>Henry v. Gill Indus</u>., 983 F.2d 943, 950 (9th Cir. 1993). A district court is not required to probe the record in search of a genuine issue of triable fact. <u>Keenan v. Allen</u>, 91 F.3d 1275, 1279 (9th Cir.1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. <u>Id</u>.

Plaintiffs have filed no opposition to Defendants' statement of the facts in support of their motions for summary judgment. Plaintiffs' original and amended complaints contain only bare allegations. Plaintiffs have set forth no specific facts in opposition to Defendants' Motion for summary judgment, by affidavit or otherwise as provided by Fed. R Civ. P. 56(e)(2). Accordingly, the Court adopts the Defendants' statement of facts in their entirety.

The Court also refers to the uncontested facts set forth in its previous order of August 31, 2009 and adopts "The Undisputed Facts" by this reference [Dkt # 58].

On December 6, 2005, Plaintiff Katherine West arrived at Good Samaritan Hospital in labor. A urine drug screen was performed on Ms. West shortly after she delivered her baby. Ms. West's

ORDER - 4

drug screen came back positive for methamphetamine, methylendioxymethamphetmine (Ecstasy), and THC (marijuana).  A toxicology test was also done on Katherine West's baby (whom Plaintiffs refer to as Baby Boy West), which revealed the presence of MDMA (Ecstasy) and THC in his blood.

On December 7, 2005, Puyallup Police Officer Mike Henry arrived at GSH in response to a call from Ms. Susan Webber, a social worker at GSH.  Upon arriving at the hospital, Ms. Webber informed Officer Henry that Baby Boy West was born on December 6, 2005 at 1243 hours and that the baby had difficulty breathing.  Ms. Webber showed Officer Henry the toxicology results for both mother and child.  Both toxicology screens had come back positive for Ecstasy.  Given that both Ms. West and Baby Boy West had ecstasy in their bloodstreams, Officer Henry took the newborn into protective custody, pending placement by Child Protective Services.  Henry felt that if he had sought a court order, it would have taken too much time, and Baby Boy West would have been in danger of further illegal drug exposure. Officer Henry also had knowledge from the CAD entry that Mr. Ewing had been making statements about removing Baby Boy West from the nursery at the hospital. Therefore, he directed that the birth parents were to have no direct contact with the child pending approval by Child Protective Services.

At no time did Officer Henry have physical or verbal contact with Baby Boy West, Katherine West, or Luis Ewing.  At no time did he utilize the Washington Crime Information Computer (WACIC) or the National Crime Information Computer (NCIC) to check for the presence of warrants or to look up the criminal histories of either Katherine West or Luis Ewing.  Officer Henry did not charge any party with any crime in regard to the incident, nor did he make any arrests.  He had no further contact with Baby Boy West, Katherine West, or Luis Ewing.

Plaintiffs filed their original Complaint in this matter on February 26, 2008.  Defendant Good Samaritan Hospital moved for a more definite statement, which the Court granted on January 26, 2009.  Plaintiffs filed an Amended Complaint on February 6, 2009.  Plaintiffs did not file a

ORDER - 5

claim for damages with the City of Puyallup.

Although Plaintiffs assert numerous claims against the co-defendants, most do not apply to the City of Puyallup and the Puyallup Police Department, given Officer Henry's limited involvement in this matter. It appears from a liberal reading of the pleadings that Plaintiffs have asserted claims against the Puyallup Police Department for negligent investigation and supervision, false arrest/imprisonment, custodial interference, malicious prosecution, civil rights violations, and infringement on the right of association. None of these claims are supported by the undisputed facts and are subject to dismissal.

## Claim Filing Statute

An injured party is required to comply with the statutory claim filing procedures as a condition precedent to maintaining an action against a governmental entity or its agents. RCW 4.96.020. In this case, Plaintiffs altogether failed to file a claim for damages. Therefore, all state claims asserted against the City of Puyallup Police Department, which include negligent investigation, negligent supervision, false arrest/false imprisonment, custodial interference, and malicious prosecution are subject to dismissal for failure to comply with the mandatory statutory claim filing requirements.

## Negligent Investigation and Supervision

Plaintiffs allege that the City of Puyallup Police Department violated its duty under RCW 26.44.050 to investigate reasonably, but also investigating in a manner that is overzealous and procedurally improper, and by negligently removing a newborn baby from innocent parents and finally, by negligently failing to remove a child from Defendants Good Samaritan Hospital and the Pediatric Interim Care Center.

RCW 26.44.050 provides:

Upon the receipt of a report concerning the possible occurrence of abuse or neglect, the law enforcement agency or the department of social and health services must investigate and provide the protective services section with a report in accordance

ORDER - 6

with chapter 74.13 RCW, and where necessary to refer such report to the court.

A law enforcement officer may take, or cause to be taken, a child into custody without a court order if there is probable cause to believe that the child is abused or neglected and that the child would be injured or could not be taken into custody if it were necessary to first obtain a court order pursuant to RCW 13.34.050. The law enforcement agency or the department of social and health services investigating such a report is hereby authorized to photograph such a child for the purpose of providing documentary evidence of the physical condition of the child.

As set forth above, a law enforcement agency must investigate upon receipt of a report concerning the possible occurrence of abuse and provide CPS with a report. In this case, Puyallup Police Officer Henry responded to the call regarding Baby Boy West. Upon arriving at the hospital, Officer Henry investigated both the baby's and Ms. West's toxicology results. Both Ms. West's and Baby Boy West's drug screens came back positive for Ecstasy. Officer Henry was aware of the dangerous side effects of this drug, and thus placed Baby Boy West in protective custody. No further investigation was necessary to determine whether Baby Boy West had been abused/neglected. Upon completion of his investigation, he prepared a police report, which he also submitted to Child Protective Services in compliance with RCW 26.44.050.

Exposure to illegal drugs and their use constitutes abuse or neglect and such exposure could harm the child. Given the toxicology results and the threat to remove the baby from the hospital, Officer Henry had sufficient reason to put Baby Boy West in protective custody and limit the contact of the parent and Mr. Ewing with the child. On the undisputed evidence, Officer Henry did no more than was necessary to determine whether or not Baby Boy West had been abused and/or neglected.

Contrary to the unsupported assertions of Plaintiffs, Officer Henry acted in the child's best interest by placing Baby Boy West in protective custody pursuant to the mandates of RCW 26.44.050.

There being no breach of duty on the part of Officer Henry, the City of Puyallup cannot be

ORDER - 7

held accountable for negligent supervision.

Plaintiffs' negligence claims are subject to dismissal.

**False Arrest and False Imprisonment**

A claim of false imprisonment must be commenced within two years of the date of the alleged tortious conduct. RCW 4.16.100(1). False arrest is also governed by this two-year period. Heckart v. Yakima, 42 Wn. App. 38, 39, 708 P.2d 407 (1985). The alleged tortious conduct occurred on December 7, 2005. The statute of limitations began to run on that day, and expired two years later on December 7, 2007. Plaintiffs filed the Complaint in this matter on February 28, 2008. Thus, Plaintiffs' claims for false arrest and false imprisonment are barred by the statute of limitations and should be dismissed as a matter of law.

Even if the statute of limitations had not expired, Plaintiffs' claims for false imprisonment and false arrest against the City still fail. False arrest is distinguished from false imprisonment by the manner in which the cause of action arises. Stalter v. State, 113 Wn. App. 1, 51 P.3d 837 (2002). "The gist of an action for false arrest…is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority to arrest or who had pretended legal authority to arrest." Demelash v. Ross Stores, Inc., 105 Wn. App. 508, 20 P.3d 447 (2001). On the other hand, false imprisonment may exist entirely apart from any purported process of law enforcement as by private individuals acting on their own initiative for their own private purposes without any pretense of legal authority. Bender v. Seattle, 99 Wn.2d 582, 664 P.2d 492 (1983). In this case, neither cause of action applies, as Officer Henry did not violate any of the Plaintiffs personal liberties; nor did he restrain them.

Nor did Officer Henry "unlawfully" restrain Ms. West and Mr. Ewing from contacting Baby Boy West. Officer Henry had a statutory duty to place Baby Boy West in protective custody. In so doing, he did not unlawfully restrain Plaintiffs. See RCW 26.44.056(2) and (3).

Plaintiff's false arrest and false imprisonment claims fail.

ORDER - 8

**Custodial Interference**

The undisputed facts do not give rise to a custodial interference claim, and the claim is subject to dismissal as a matter of law. See RCW 9A.40.60 (defining custodial interference). Officer Henry acted in accordance with his statutory duty.

**42 U.S.C. § 1983**

To establish a claim under § 1983, a plaintiff must show that (1) the action occurred "under color of law" and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive an individual of their federally guaranteed rights. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 1999). Plaintiffs have failed to set forth facts supporting a deprivation of constitutional rights or federal law.

The allegation that the City's actions violated a constitutionally protected interest in the custody and care of his or her child fails as the undisputed facts demonstrate that the child was subject to immediate or apparent danger or harm. See Caldwell v. LaFaver, 928 F.2d 331, 333 (9th Cir. 1991); Doe v. Heck, 327 F.3d 492, 519 (7th Cir. 2003).

Plaintiffs' 42 U.S.C. § 1983 claim is subject to dismissal.

**Freedom of Association**

There are two distinct lines of decisions protecting an individual's right to freedom of association. IDK, Inc. v. County of Clark, 836 F.2d 1185 (9th Cir. 1988). The first protects choices to enter into and maintain certain intimate human relationships. Id. The other protects the right to associate for the purpose of engaging in those activities protected by the First Amendment: "speech, assembly, petition for the redress of grievances, and the exercise of religion." Id. at 1191-92. The Supreme Court has identified the Fourteenth Amendment as the source of protection in the first case, for those highly personal relationships. Id. at 1102.

Under the Fourteenth Amendment, citizens are afforded a substantive guarantee protecting

ORDER - 9

aspects of liberty against unconstitutional restrictions by the state. <u>Kelley v. Johnson</u>, 425 U.S. 238, 244 (1976). The Fourteenth Amendment protects the individual against "arbitrary action of government." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 845 (1998).

There is no evidence that Officer Henry's or the City of Puyallup's actions were arbitrary or egregious. The freedom of association claim fails as a matter of law.

## Malicious Prosecution

To establish an action for malicious criminal prosecution, a plaintiff must prove that the prosecution was instituted or continued by the defendant, was motivated by malice, and was ultimately terminated in favor of the plaintiff; that there was a want of probable cause for the prosecution; and that the plaintiff suffered injury or damage. <u>Hanson v. City of Snohomish</u>, 121 Wn.2d 552, 558, 852 P.2d 295 (1993). A claim of malicious civil prosecution usually requires proof of two additional elements: arrest or seizure of property and special injury (injury which would not necessarily result from similar causes of action). <u>Clark v. Baines</u>, 150 Wn.2d 905, 912, 84 P.3d 245 (2004). These elements are excused when malicious prosecution is alleged by a judicial officer, prosecuting authority, or law enforcement officer and relates to the performance or purported performance of the public duty of such officer. RCW 4.24.350(2); see also <u>Loeffelholz v. Citizens For Leaders with Ethics and Accountability Now</u>, 119 Wn. App. 665, 695, 82 P.3d 1199 (2004).

It is evident from the complaint that Plaintiffs have failed to allege the essential elements of a cause of action for malicious prosecution. No action or criminal charges have been instigated against Plaintiffs. The claim for malicious prosecution is subject to dismissal.

## Additional and Reserved Claims

The remaining claims set forth in Plaintiffs' complaint are not asserted against the City of Puyallup or are not related to any actions of the Puyallup Police Department and Officer Henry. The purported "reserved" claims also lack merit. Plaintiffs have no factual or legal basis for

ORDER - 10

support of their reserved claims of slander, wrongful infliction of emotional distress, outrage, and gross negligence.

**Conclusion**

Plaintiffs lack both factual and legal support for the entirety of their claims, both federal and state law claims. For these reasons, the City of Puyallup Police Department is entitled to summary judgment of dismissal of all claims against it.

ACCORDINGLY;

IT IS ORDERED:

(1)    Defendant City of Puyallup Police Department's Motion for Summary Judgment [Dkt # 59] is **GRANTED** and the Plaintiffs' claims against this Defendant are dismissed in their entirety, with prejudice.


DATED this 28th day of September, 2009


_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 11