UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ANTHONY EWING et al.,

    Plaintiffs,

    v.

GOOD SAMARITAN HOSPITAL, et al.,

    Defendants.

Case No. C07-5709 FDB

ORDER TO SHOW CAUSE

    This matter comes before the Court on its own motion to direct Plaintiffs to show cause why this matter should not be dismissed for failure to prosecute.

    On July 24, 2009, this Court entered a Minute Order directing pro se Plaintiffs to keep the Court and all parties apprised of their current address. [Dkt. # 52]. The Order extended the deadlines for initial disclosures to September 25, 2009. The joint status report deadline was extended to October 2, 2009. The transmittal of this Order to Plaintiffs was returned as undeliverable at Plaintiffs' last known address and noted as unable to forward. [Dkt. # 53 & #54]. On July 6, 2009, Defendant Good Samaritan Hospital moved for summary judgment. Plaintiffs failed to respond. On August 6, 2009, Defendant Pediatric Interim Care Center moved for summary

ORDER - 1

judgment.  Plaintiffs failed to respond.  On August 31, 2009, this Court granted the motions of Defendants Good Samaritan Hospital and Pediatric Interim Care Center for summary judgment. [Dkt. #58].  Transmittal of this Order to Plaintiffs was returned as  not deliverable to address/unable to forward. [Dkt. 63 & # 64].  On September 1, 2009, Defendant City of Puyallup moved for summary judgment.  Again, the Plaintiffs failed to respond.  On September 28, 2009, this Court entered summary judgment for the City of Puyallup. [Dkt. 68].  Further, the Court's Order setting deadlines for initial disclosures and filing the joint status report have lapsed without compliance.

Local Rule 41(b)(2) provides that a "[p]arty proceeding pro se shall keep the court and opposing parties advised as to his current address.  If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute."

On July 31, 2009, this Court received the first notice that this Court's orders were undeliverable to Plaintiffs.  Sixty days have lapsed and Plaintiffs have not provided this Court or the Defendants with a current mailing address.  Accordingly, LR 41(b)(2) provides the Court with the discretion to dismiss this action for failure to prosecute.  Further, Plaintiffs have not complied with this Court's pretrial orders regarding disclosures and a status report.  Again, the Court has the discretion to dismiss for failure to prosecute.

ACCORDINGLY;

IT IS ORDERED:

The Plaintiffs are directed to **SHOW CAUSE IN WRITING** why the Court, and opposing parties, have not been kept informed of the Plaintiffs' current mailing address, why there has been no response to the scheduling Order of this Court, and why this action should not be **DISMISSED** for Failure to Prosecute pursuant to Fed. F. Civ. P. 41(2).  This case will be dismissed without further notice to Plaintiffs on October 16, 2009, unless the Plaintiffs

ORDER - 2

1  respond by providing a current mailing address, file the required Joint Status Report and
2  Initial Disclosures, and set forth good cause for the failure to comply with court rules and
3  orders.
4  DATED this 5th day of October, 2009.

                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE

26 ORDER - 3